BRIAN HAYWARD, on behalf of
himself and all others similarly situated,

     Plaintiff,                       CASE NO.:

v.                                     **CLASS ACTION**

ADHEREHEALTH, LLC,

     Defendant.

_____/

## CLASS ACTION COMPLAINT

1.     Brian Hayward (Mr. Hayward) individually and on behalf of all others similarly

situated, asserts AdhereHealth, LLC (AdhereHealth) "robo-called" him numerous times in stark

violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (TCPA).

## INTRODUCTION

2.     Companies such as AdhereHealth indiscriminately robo-blast calls throughout our

country with no regard for the law.

3.     Mr. Hayward is a victim of AdhereHealth's robo-calling scheme.

4.     Mr. Hayward was never a customer of AdhereHealth, never provided his phone

number to AdhereHealth and certainly never gave them the required "express consent" to robocall

him.

5.     AdhereHealth's robo-dialing scheme results in millions of people receiving

intrusive, illegal and unwanted robocalls.

## TELEPHONE CONSUMER PROTECTION ACT

6. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call and decided that 'banning' such calls made without consent was the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

7. The Supreme Court of the United States found that Americans suffer an invasion of their privacy from these calls that violate the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

8. Unwanted and illegal robocalls are the #1 consumer complaint in America, year after year for the last decade. From 2014 to 2019, the Federal Trade Commission (FTC) alone has reported 30.4 million unwanted robocall complaints.[1]

9. A class action is clearly the only way to halt or even slow AdhereHealth's violation of the TCPA. "Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition. In enacting the law, Congress sought to deter activity that, while pernicious and disruptive, does not trigger extensive liability in any single case. Since few individuals would have an incentive to bring suit, no matter how frustrated they were with the intrusion on their privacy, the TCPA opted for a model that that allows for resolution of issues without extensive individual complications." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019).

---

[1] [https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/national-do-not-call-registry-data-book-fy-9;https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2019/dnc_data_book_2019.pdf] It is noteworthy, the actual number of people that receive unwanted and illegal robocalls during the past 5 years is estimated to be in the Billions. The 30.4 million number is obviously from individuals that knew how to file a formal complaint with only the FTC and took the time to do so.

10.    The TCPA was enacted to prevent companies like AdhereHealth from invading American citizens' privacy and prevent illegal robocalls.

11.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12.    As will be illustrated in this case, not only did AdhereHealth break the law by calling Mr. Hayward the first time, they continued despite being told to stop and despite Mr. Hayward registering his number on the National Do Not Call Registry.

13.    According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   This type of damages shared by the Mr. Hayward and the class members is the same.

## JURISDICTION AND VENUE

14.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

15.    The alleged violations described in the Complaint took place when the Plaintiff was located in Georgia.

3

16.     AdhereHealth is a healthcare technology solutions leader supporting health plans, self-insured employers, and other risk-bearing entities for medication adherence insights and improved healthcare outcomes. The company's Adhere™ platform touches nearly 30 million consumers through advanced technologies and at-risk engagement services. AdhereHealth's subsidiary company, AdhereRx, is a free concierge pharmacy for consumers with low-income subsidies and social determinants of health issues. AdhereRx coordinates complex medication regimens, has 24/7 access to pharmacy clinicians, delivers prescriptions via a private courier service, and can take cash on delivery at the consumer's home. This integrated set of solutions addresses an estimated half a trillion dollars of unnecessary annual medical costs attributed to medication adherence issues. AdhereHealth maintains its headquarters in Franklin, Tennessee and conducts business throughout the United States.

## FACTUAL ALLEGATIONS

17.     Mr. Hayward was robocalled by AdhereHealth in January 2019. During these marketing calls, AdhereHealth offered to sell Mr. Hayward its insurance services and pharmaceutical products.

18.     Mr. Hayward told employees or representatives of AdhereHealth that he was not interested in its services and to stop calling.

19.     Mr. Hayward asked employees or representatives of AdhereHealth to stop calling him during multiple phone conversations.

20.     Mr. Hayward registered his cellular telephone number on the National Do Not Call Registry on May 6, 2019.

4

21.     AdhereHealth continued to call Mr. Hayward despite his requests to cease calls and despite putting them on notice they were calling a number they did not have the required express consent to call.

22.     Mr. Hayward estimates he had thirty (30) calls after he instructed AdhereHealth to stop calling.

23.     Despite registering his cellular telephone number on the National Do Not Call Registry, Mr. Hayward continued to receive pre-recorded solicitations to his cellular telephone, including, but not limited to, February 28, 2020.

24.     Mr. Hayward never provided his cell phone number to AdhereHealth nor consented to be called by AdhereHealth.

25.     Mr. Hayward is the "called party." See *Osorio* (Id.)

26.     AdhereHealth never had express consent to place any pre-recorded solicitations to Mr. Hayward's cellular telephone number.

27.     Mr. Hayward answered a phone call and there was a prerecorded message before an individual said they were calling from AdhereHealth. Mr. Hayward informed AdhereHealth that it did not have permission to call his cell phone to solicit a service he was never interested in and to stop calling him.

28.     Each call AdhereHealth made to the Mr. Hayward's aforementioned cellular telephone number was done so without the "express permission" of the Mr. Hayward.

29.     Mr. Hayward is the regular user and carrier of the cellular telephone number at issue, (912) 224-XXXX.

30.     AdhereHealth made at least one (1) call to (912) 224-XXXX in the last 4 years.

31.     AdhereHealth made at least ten (10) calls to (912) 224-XXXX in the last 4 years.

5

32.     Each call AdhereHealth made to (912) 224-XXXX was with the same telephone system.

33.     Each call AdhereHealth made to Mr. Hayward was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

34.     Each call AdhereHealth made to Mr. Hayward was made using an automated or pre-recorded voice.

35.     By effectuating these unlawful phone calls, AdhereHealth have caused Mr. Hayward the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

36.     AdhereHealth's aggravating and annoying phone calls trespassed upon and interfered with Mr. Hayward's rights and interests in his cellular telephone and cellular telephone line, by intruding upon his seclusion.

37.     AdhereHealth's phone calls harmed Mr. Hayward by taking time away from his pursuit of life, invaded his privacy as well as caused aggravation because of its failure to stop calling him, and causing inconvenience.

38.     Moreover, "wireless customers [like Mr. Hayward] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007).

39.     AdhereHealth's phone calls harmed Mr. Hayward by depleting the battery life on his cellular telephone, and by using minutes allocated to Mr. Hayward by his cellular telephone service provider.

40.     Despite actual knowledge of their wrongdoing, AdhereHealth continues their illegal scheme of unwanted robocalls.

41.     AdhereHealth willfully and/or knowingly violated the TCPA with respect to the Mr. Hayward and the members of the class.

## COUNT I
### (Violation of the TCPA - 47 U.S.C. § 227(b)(1)(A)(iii))

42.     Mr. Hayward incorporates Paragraphs one (1) through forty-one (41).

43.     AdhereHealth violated the TCPA with respect to Mr. Hayward and members of the class.  AdhereHealth willfully violated the TCPA with respect to Mr. Hayward each time they called Mr. Hayward without having express consent to place such calls using an ATDS.

44.     AdhereHealth knowingly violated the TCPA with respect to Mr. Hayward, especially for each of the auto-dialer calls made to Mr. Hayward's cellular telephone after Mr. Hayward revoked any consent Defendant mistakenly believed it had to being called by them using an ATDS.

45.     AdhereHealth repeatedly placed non-emergency telephone calls to the wireless telephone number of Mr. Hayward using an automatic telephone dialing system without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

46.     As a result of Defendant's illegal conduct, Mr. Hayward and the members of the class suffered actual damages and, under § 227(b)(3)(B), are entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

47.     As a result of Defendant's illegal conduct, Mr. Hayward and the members of the class suffered actual damages and, under § 227(b)(3)(B), are entitled to, inter alia, up to $1500 per call for each such violation of the TCPA.

7

48.     Mr. Hayward and class members are also entitled to, and does, seek injunctive relief prohibiting Credit Ones from violating the TCPA in the future.

**WHEREFORE**, Mr. Hayward respectfully demands a trial by jury on all issues so triable and judgment against AdhereHealth for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

### COUNT II
**(Violation of the TCPA – 47 C.F.R. § 64.1200(c)(2))**

49.     Mr. Hayward incorporates Paragraphs one (1) through forty-one (41).

50.     The acts of AdhereHealth constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

51.     The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

52.     The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

53. The TCPA specifically permitted the FCC to issue regulations requiring the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

54.     The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any telephone solicitation to... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal

8

Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

55.     This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

56.     AdhereHealth failed to maintain the procedures required by 47 C.F.R. §64.1200(c)(2)(i).

57.     AdhereHealth did not record Mr. Hayward's request not to receive calls from Defendants.

58.     AdhereHealth did not use any process to prevent them from calling numbers on the National Do Not Call Registry.

59.     As a result of AdhereHealth's actions in violation of the TCPA and the Federal FCC's implementing regulations, Mr. Hayward is entitled to an award of damages up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

60.     AdhereHealth is aware of the TCPA's do not call rules and have continued to call. AdhereHealth's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations were willful or knowing.

61.     Mr. Hayward requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

## CLASS ACTION ALLEGATIONS

62.     Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.  Mr. Hayward, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

9

63.     The TCPA makes it illegal to robo-call an individual's cell phone. The applicable exception to this law is if the robo-caller has "express consent" to call. This case is about robo-calls to people where AdhereHealth never had consent.

64.     Mr. Hayward seeks to certify the class, subject to amendment, as follows:

> (1) All persons in the United States (2) to whose cellular telephone number (3) AdhereHealth placed a non-emergency telephone call relating to a solicitation (4) using substantially the same system(s) that were used to telephone Mr. Hayward (5) within 4 years of the complaint and (6) where AdhereHealth did not have express consent to call said cellular telephone number.

65.     The Do Not Call Registry Class consists of:

> (1) All persons in the United States (2) to whose residential or cellular telephone number (3) AdhereHealth placed a non-emergency telephone call relating to a solicitation (4) using substantially the same system(s) that were used to telephone Mr. Hayward (5) within 4 years of the complaint and (6) more than 31 days after having registered such telephone number on the national do not call registry.

66.     Mr. Hayward represents and is a member of the Class. Excluded from the Classes are AdhereHealth and any entities in which AdhereHealth has a controlling interest, AdhereHealth's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

67.     Excluded from the Do Not Call Registry Class are persons who AdhereHealth's records show made a purchase from AdhereHealth within 18 months of such calls or an inquiry within 3 months of such call.

68.     Mr. Hayward is presently unaware of the exact number of members in the Classes, but based upon the size and scope of AdhereHealth's business, Mr. Hayward reasonably believes that the class members' number at a minimum in the thousands.

69. Mr. Hayward and all members of the Class have been harmed by AdhereHealth's actions.

70. This Class Action Complaint seeks money damages and injunctive relief.

71. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

72. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by AdhereHealth.

73. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

(1) Whether AdhereHealth engaged in a pattern of using an ATDS to place calls to cellular telephones without the prior express consent of the called party;

(2) Whether AdhereHealth made telephone solicitation calls to telephone numbers registered on the National Do Not Call Registry;

(3) Whether AdhereHealth's conduct was knowing or willful; and

(4) Whether AdhereHealth's actions violated the TCPA.

74. As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Mr. Hayward asserts claims that are typical of the members of the Class.

75. Mr. Hayward will fairly and adequately represent and protect the interests of the Class, and Mr. Hayward does not have an interest that is antagonistic to any member of the Class.

11

76.     Mr. Hayward has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

77.     A class action is the superior method for the fair and efficient adjudication of this controversy.

78.     Class-wide relief is essential to compel Adhere to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Adhere is small because the statutory damages in an individual action for violation of the TCPA is small.

79.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

80.     AdhereHealth has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

81.     Moreover, Mr. Hayward alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Mr. Hayward requests that the Court enter judgment in his favor and favor of the Class, and against Defendant for:

a.      A declaration that AdhereHealth's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      An injunction requiring AdhereHealth not to call any third parties or numbers that were skip traced, or obtained through other means than by obtaining the called

12

party's prior express consent to ensure that Mr. Hayward is not called now or when Mr. Hayward obtains additional telephone numbers in the future;

c.   An injunction requiring AdhereHealth to file quarterly reports of third-party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that Mr. Hayward is not called in the future;

d.   An award of actual damages in an amount to be proven at trial;

e.   An award of statutory damages for Mr. Hayward and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

f.   An award of treble damages, as provided by statute, of up to $1,500.00 for Mr. Hayward and each Class member for each and every call that violated the TCPA;

g.   An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Mr. Hayward is a proper representative of the Classes, and appointing the lawyers and law firms representing Mr. Hayward as counsel for the Classes;

h.   An award of Mr. Hayward's attorneys' fees, litigation expenses and costs of suit; and

i.   Such further and other relief the Court deems reasonable and just.

Mr. Hayward, individually and on behalf of all others similarly situated, demands trial by jury.

13

Respectfully submitted,

/s/ *Kathryn E. Barnett*
Kathryn E. Barnett, Esquire
(BPR#15361)
MORGAN & MORGAN - NASHVILLE
810 Broadway, Suite 105
Nashville, TN 37203
Telephone: (615) 490-0943

Amanda J. Allen, Esquire *(Pro Hac Vice* Pending)
Florida Bar No.: 0098228
William "Billy" Peerce Howard, Esquire
Florida Bar No.: 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com

John A. Yanchunis, Esquire
MORGAN & MORGAN
(Florida Bar No. 324681)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com

**Attorneys for Plaintiff**

14